Case number 21-3047, United States of America, Jean-Paul Gamarra, appellant. Ms. Falk for the appellant, Mr. Hansberg for the appellee. Ms. Falk, good morning. Good morning, and may it please the court, I now call for appellant Jean-Paul Gamarra. This court should vacate Mr. Gamarra's conviction for three reasons. First, because Agent Klein's testimony was admitted in violation of Mr. Gamarra's Fifth Amendment rights because he had not been given a Miranda warning at the time of the interview. Second, the district court failed to properly assess the lack of appropriate value and high prejudice for Agent Klein's testimony under Federal Rule of Evidence 403. Third, Mr. Gamarra received ineffective assistance of counsel during the cell motion interlocutory appeal. In light of these reasons, and because Mr. Gamarra has already served his full sentence for the undue conviction, this court should vacate his conviction and remand to the district court with instructions to dismiss. In the alternative, this court should vacate and remand to the district court for further proceedings or factual development. First, the district court erred in admitting Agent Klein's testimony in violation of Mr. Gamarra's Miranda rights. I wanted to ask you if Miranda has any application here. Miranda deals with protecting the defendant from the use of his statements obtained in interrogation against him. The government did not use any statements from him to hear, did they? They simply said what the officer had told him, right? Your Honor, the importance of the testimony was not only what the agents told Mr. Gamarra, but the testimony that Agent Gamarra expressed an understanding of the warnings given by the agents. The importance was the understanding. So your objection is simply to the one statement by the officer that he appeared to understand by the agent? Is that what your objection is to? Yes, Your Honor. Did you have any comparable case where the court has said Miranda applies? Any evidence of that sort? Yes, Your Honor. There was a similar case in this circuit decided in 2019. That was United States v. Halford, where the defendant was similarly in custody in involuntarily mental health treatment center and was interviewed by agents in a similar setting. And the testimony there, it was found that he was in custody and he should have been given a Miranda warning in that circumstance. Was the evidence there simply in effect of what the agent had said and observed, or was there a statement by the defendant that was at issue in that case? Your Honor, that case involved statements by the defendant. But in this case, the import of the evidence was not only the statement by the agent, but the understanding of the defendant. That's what I'm coming to. Did you have a case anywhere that says that that's protected by Miranda? Protected by the Fifth Amendment? I have no specific case where the defendant expressing an understanding is protected by Miranda. However, that's part of the interrogation was his expression of understanding. The testimony was not simply the observation. I really question whether the Fifth Amendment has any application here. They're not trying to offer any evidence of what he said. Why does the Fifth Amendment or Miranda have any application? Your Honor, that evidence wasn't explicitly he stated this, but it was his words and actions that the agents implied conveyed the understanding, which was part of the interrogation. The previous conversation in the earlier part of the interrogation had been a direct question and answer about a crime committed. As part of that interrogation, agent client inquired whether Mr. Gamara understood these warnings he was given him. And the response was Mr. Gamara apparently conveying an understanding. And that was the import of the testimony. Well, I do not have a case specifically saying that Miranda applies when the response. Was the implication or the understanding the testimony from agent client was based on Mr. Gamara's response to the interrogation, which is protected by Miranda. Your Honor, the second reason that the district court improperly admitted this evidence of agent client's testimony was abuse of discretion and admitting evidence under Rule 403. This testimony was admitted and it was about it took place during Mr. Gamara's involuntary incarceration. At the time he had been involuntarily committed for mental health reasons, and he was unable to properly understand or really understand at all the warnings that agent client was giving him. However, this error was not considered by the judge below. It should be reviewed for plain error. And it was plain error in that case that the prosecution did not put forth the evidence that this excuse me support that this evidence had any probative value. This evidence indeed had no probative value. And it was highly prejudicial because the jury could infer from the evidence or and did indeed infer from the evidence intent. The high prejudice and no probative value was not properly considered by the district court. And this was plain error. The evidence of this with this lack of probative value and high prejudice should never have reached the jury. And that was plain error below. You point out that we have some precedents saying planar. We have some precedents saying it's no cause and no exceptions. Which precedent came first? You know. Could you clarify the question? Sure. So I think part of what you and the government disagree about is whether you should have the benefit of an air review when there was no cause for not raising this argument. Or whether you just don't get to make the argument at all when there's no cause. And some of our cases say planar. Some of our cases say no review at all, not even for planar. And I'm with you that our circuit has had some seeming inconsistencies. But I'm wondering which of the two did we say first? Your Honor, the circuit has never been clear in terms of this particular rule. There was a 2014 amendment that removed the word waiver from this rule. Rule 12 C3. And this circuit has never cited a case after the amendment of that rule. Didn't the committee that made the amendment also say the amendment doesn't have any substantive change? Your Honor, the exact wording was that the amendment doesn't change the standard of review. And that meant that it doesn't change the standard for claims that rule applies to. Our argument is that rule does not apply. Rule 52B applies here because of the removal of the word waiver. Your Honor, the reason that the committee made that amendment was because they believe that district courts were improperly believed that the rule applied when an argument was forfeited and not waived. Here, it is clear from the advisory committee notes that this rule specifically is supposed to apply to arguments that were waived, not forfeited. Any alternative meaning with that federal rule of criminal procedure 52B, which is the rule that applies plain error to errors that affect substantial rights. What's the standard that you were referring to that did not change? Oh, excuse me. This standard, specifically the good cause standard, didn't change. So what the committee was saying was that what is good cause hasn't changed, but what the good cause standard applies to was clarified by that amendment. Your Honors, our final argument is that defense counsel provided ineffective assistance during the interlocutory appeal of the district court's forced medication ruling. Here, the lower court decided that the defendant could be forcibly medicated after a cell hearing and process. That was appealed to this court in an interlocutory appeal. And this court did find, did uphold the district court ruling for the cell that the defendant could be forcibly medicated. However, the defendant's attorney provided ineffective assistance of counsel by failing to appeal obviously stronger, clearly stronger arguments than the arguments that he appealed. Does this really survive Strickland that he made one argument rather than another when he took the appeal? He brought the question before the court of appeals. How the argument is framed, is that really going to survive Strickland? Yes, Your Honor. The standard here is whether he failed to make arguments that were clearly stronger than the ones that were made. And in this case, he did fail to make arguments that were clearly stronger on all four factors. Notably, all four factors are requirements that the government must meet in order to be able to medicate the client. The appeal brought that before the court of appeals. He simply didn't argue it that way. I mean, the question of whether it passed those standards was before the court. He really sink to the level Strickland requires that he didn't make the argument, that particular argument as opposed to the other one? Your Honor, I see I'm out of time. May I respond? If it was such a plain error, though so awful, and he brought the case before the court and we had the question before us, are you really going to say that it made a difference in the case that he didn't express that argument as opposed to having the issue before the court? Your Honor, here, the standard is whether the arguments made were clearly excuse me, the arguments not made were clearly and obviously better than the arguments made. OK. Thank you. All right. We'll give you some time and reply. Mr. Hansford. Good morning, Your Honor, and may I please the court Eric answered for the United States. Each of the defendants claims here fails on the merits is shown. Miranda error where this court has already recognized in all for one that involuntary commitment alone is not enough to establish Miranda custody. And as Judge Santel was saying, the primary statements that were coming in that the defendant is arguing as prejudice were his understanding, which are not his amendments. In addition, the defendant shows no rave of use of discretion under rules for three. Indeed, I think he's now conceding that this court is only reviewing the rule for a three ruling for plain error. And that's because the only record evidence in this case is that the defendant did appear to understand the agent's warnings and that he did have a conversation with the agent in this 2014 incident. And the defendant shows no ineffectiveness in the interlocutory appeal where the arguments that he's now identifying are not clearly stronger than the arguments selected by the experienced federal public defender who handled his appeal. There's no reason that ultimately would have led to a ruling that he could not be forcibly medic. Which is what he would be required to show the concurrence, as you know, was pretty hard on the defendant's attorneys. But what do you how much should that matter to us? So I think the concurrence, as we read it, is primarily concerned with what standards should be met going forward and expressing concerns about this case. But not saying that have these arguments been made that would have made a difference in this case. Do you think maybe you just answered this with your last sentence? Do you think she thought the attorney was ineffective, at least on performance? I mean, I don't think the concurrence takes a position on ineffectiveness, and I think there are. I think there's there's a lot that the current isn't dealing with, particularly in judges' careful opinion underlying the case. You know, Judge Bates is giving a lot of explanations, for example, for why there are important government interests that the concurrence isn't dealing with. And I think the larger issue would be that it is a concurrence. It doesn't represent the majority of the court. The concurrence actually joins the majority opinion. But a lot of the arguments that are being made, even those that the concurrence seems sympathetic to, are rejected by the majority. I'm not saying that you will or won't win on this ineffective assistance issue, but if you were going to win, would you rather say no prejudice because you got a fair trial, even if you shouldn't have been forcibly medicated? Or would you rather us take a look at the concurrence and if we disagree with the analysis there, express disagreement as a court? I guess it I mean, I think insofar as it's out there suggesting that the government is supposed to be meeting higher standards based on the concurrence, I think it would be useful for this court to clarify that no, the district courts are not required to take the 10th Circuit approach and kind of micromanage the self proceedings and that the approach that many other circuits have taken. I thought your answer might be both. Well, fair enough, Your Honor. Yes, I think that's right. I do think we have stronger institutional interest. So we do think there are two threshold problems in terms of the arguments that would prevent this court from reaching the merits, which is the Rule 12 problem with the Miranda claim, which is that under Rule 12, unless a defendant shows good cause, an unraised suppression issue cannot be addressed on appeal at all. We do have institutional interest in having that issue resolved. And then there's also the threshold problem with the ineffectiveness in the cell claim, which is that a cell explains after the forcible medication has already happened, an appeal comes too late. I think our institutional interests in the cell claim are less strong because it just doesn't come up with much frequency in Rule 12. This is kind of a recurring issue that people are raising issues that were not raised below, that should have been raised under Rule 12. And both sides are having to brief them. The court is having to wrestle with them in a way that Rule 12 suggests. I apologize if this is in your brief and I'm just not remembering it off the top of my head. But what's your response to your opposing counsel's explanation of the comment when the rule was changed? She says, well, when it talks about standard, it's talking only about the meaning of cause. So, yeah, we disagree with that reading of the comment. I think what the full comment says is that the amendment to the amendment is taken to remove the waiver language, because some circuits, unlike this court and unlike the Supreme Court in Davis, had taken the waiver language in the old Rule 12 to mean there has to be an intentional relinquishment of a known right, which obviously isn't happening when you're just having failing to file a motion. So some circuits like the 8th Circuit had said, well, there's no waiver in those circumstance. So we will review. So the rules are amended to take out that waiver language because the rules committee explains that waiver language is causing confusion. That was never the standard that you were supposed to have an intentional relinquishment of a known right. So therefore, we're going to take out that language. And then the rules committee says it retains the existing standard for untimely claims. The party seeking relief must show good cause for failure to raise a claim by the death. So the rules committee is saying you still have to make that good cause showing. And again, that stems from Supreme Court precedent, the 1973 Davis decision. And so I think for the rules to be overruling Supreme Court precedent, interpreting Rule 12 would have been fairly extraordinarily. And you would have thought they would have noted that if that's what they were doing. And so we think we particularly point to the 10th Circuit's Bowline decision. We think that has a really careful analysis, goes through the full history here and explains why it is that the waiver language, the deletion of the waiver language doesn't change the standard. As to the court's earlier question about insofar as this court has conflicting precedent, which came earlier, it is the decisions that are finding waiver. It's the site, the 1976, not sure how to say this case name, but back yellow, something along those lines. And then there's also the 1973 Supreme Court precedent, of course, would trump this court's precedent. And we're also not entirely sure there's a true conflict in this court's cases. Instead, it seems like the court is defaulting to plain air review and not not addressing Rule 12, not recognizing that as an issue. So it's more of a drive by ruling, which the Third Circuit in rows in identical circumstances has said, well, we're not going to take those rulings that kind of aren't engaging with the merits as actual merits holdings that are contrary, conflicting with the precedent. We're going to take the cases that really engage with these issues. This court's decision in Weathers, for example, has a very thorough examination of all the history. Can you spell or can you comment on that one? The 76 case? Yeah. Yes, Your Honor. So I think we cited on page 16 of our brief is where we argue that the decisions that are. I see it. And I do want to point out there's there's language in the Halford one decision, which is cited in the briefs, but it's language that didn't highlight in the brief about Miranda custody that we think is dispositive on that issue. So on eight, 16, a third, eight, 60, the court says as to Hoffer's involuntary commitment, this was simply the first step in the analysis, not the last, not all mandatory hospitalizations can't amount to Miranda custody. So we think that is the defendant is arguing essentially based entirely on the involuntary commitment. There was Miranda custody here. Offered directly rejects that. And in fact, it goes back. It goes back down and it comes back and offer to what the court is emphasizing there. That Secret Service agents were effectively ordering not that. There are no other questions. All right. Thank you. Why don't you take two minutes? Thank you, Your Honor. First of all, the defendant does not concede that plain error is the standard on the 403 argument. Plain error is the standard for the Miranda issue, which is not preserved below. The 403 issue was presented and preserved below. So the standard there is abuse of discretion. Second, the government's arguments on the rule 12 issue ignores more recent Supreme Court cases that deal with the rule. That also another rule that applies here, which is the rule for plain error, which is 52 B. For example, just in 2020, the Supreme Court decided in Davis versus the U.S. that unpreserved arguments, including factual arguments below, may be reviewed for plain error on appeal under federal rule of criminal procedure 52 B. There's also the 1993 case, U.S. versus Alano, where the Supreme Court reviewed the error under federal rules, criminal procedure 52, which, again, requires that for reversal that an error be plain and affects substantial rights. Again, here, this error, plain error standard applies because although the error was not preserved below, it does affect substantial rights. Third, the Miranda argument the government asserts is simply based on the fact that Mr. Gomara was involuntarily committed at the time. That's simply not true. There are many factual similarities to Halford in this case that are in the record that support a finding of Miranda custody. Despite that the record is slightly thinner than Halford, indeed, in Halford, this court did remand to develop the factual record further. Mr. Gomara was similarly situated to Mr. Halford beyond simply the fact that he was in custody when he was interviewed. He was also subject to the control of his treating doctors and introduced to the agent by those doctors. In that situation, there are many factual similarities here to Halford. Your Honor, I have no further questions. Ms. Falk, you were appointed by the court to represent your client, and we thank you for your very able assistance. Thank you, Your Honor.
judges: Henderson, Walker, Sentelle